IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID A. JOHNSON, : 4:08-cv-784
    Plaintiff, :
     : Hon. John E. Jones III
v. :
     :
ERIC BRADLEY, *Captain*, :
    Defendants. :

## ORDER

**December 9, 2009**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 49) filed on December 7 2009. For the reasons that follow, the Motion shall be denied.

**I.   PROCEDURAL HISTORY**

Plaintiff David A. Johnson ("Plaintiff") filed this *pro se* civil rights action on April 28, 2008. Plaintiff was granted *in forma pauperis* status and the Complaint was served. On September 15, 2009, this Court adopted an Report and Recommendation issued by Magistrate Judge Mannion on August 26, 2009. As a result, Defendants Troy Williamson and the Federal Bureau of Prisons were

1

dismissed as parties to the action. Within that Order, we also denied Defendant Eric Bradley's Motion for Summary Judgment. Thus, Eric Bradley remains as the sole Defendant in this case, and timely filed an Answer to the Complaint.

On October 29, 2009, Defendant Bradley made a Motion to Take the Deposition of Plaintiff at his current place of incarceration, which was granted by this Court. Subsequently, on November 13, 2009, Defendant Bradley filed and served a Notice of Deposition.

Plaintiff now moves the Court for an appointment of counsel. (Doc. 49).

## II. STANDARD OF REVIEW

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, trial courts have wide discretion in determining whether to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).[1] Under *Tabron*, a district court's decision whether to appoint counsel in a civil rights action should be informed by a consideration of the following factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent [party]

---

[1] The *Tabron* court noted that ". . . the district court must consider as a threshold matter the merits." *Tabron*, 6 F.3d at 155. Next if a claim has arguable merit, "ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. If a litigant "with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel." *Id.*

to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. Id. at 156, 157 n.5. The *Tabron* Court also held that any court, in considering whether to appoint counsel, should generally consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Id.* at 156.

The United States Court of Appeals for the Third Circuit has reiterated that the criteria developed in *Tabron* should be employed in addressing the appointment of counsel issue. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). The Third Circuit has also suggested that a district court consider its own willingness to aid the indigent party in presenting his or her case, as well as the supply of attorneys willing to take court-appointed cases in the geographic area of the litigation, taking into account the fact that such counsel, especially in non-urban areas, may be scarce. *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007). Furthermore, it is well to note that 28 U.S.C. § 1915(d) does not authorize a district court to require an unwilling attorney to represent an indigent litigant in a civil case. *See Mallard v. U.S. District Court*, 490 U.S. 296 (1989).

## III. DISCUSSION

Our review of the docket indicates that the Plaintiff's Complaint and submissions on the summary judgment motion show that he as the ability to present the factual and legal issues to the Court without the assistance of an attorney. Our review of the docket indicates that Plaintiff has been able to ably represent himself thus far, and his pleadings are coherent, understood by the Court, and generally follow the Federal Rules of Civil Procedure.

Plaintiff states within the instant Motion that due to his diabetes, he has limited eyesight. Plaintiff, however, has not stated that he is unable to read or write. Nor has Plaintiff indicated a lack of accommodation within the Bureau of Prisons that prevents him from litigating this matter. As noted above, we find no reason under the *Tabron* factors to appoint counsel in this action. Accordingly, we shall deny the Plaintiff's Motion to Appoint Counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Appoint Counsel (Doc. 49) is **DENIED** without prejudice.

s/ John E. Jones III
John E. Jones III
United States District Judge